UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-7633-DMG** | Date | July 22, 2020 |
| Title | *In re Mindy Chapman Shapiro*  (Bankruptcy No.: 9:19-bk-10481-MB) | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE APPELLANT'S BANKRUPTCY APPEAL [1]**

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

On September 4, 2019, Appellant Mindy Chapman Shapiro filed her Notice of Appeal from a decision of the United States Bankruptcy Court for the Central District of California. [Doc. # 1]. After the Court granted several extensions of time for the parties to submit their opening briefs, both Appellant and Appellee Estate of Dan Blechman filed their opening briefs. Shapiro Brief [Doc. # 25]; Blechman Brief [Doc. # 30]. Shapiro filed nothing in response to Appellee's brief, and her time for doing so has passed. Fed. R. Bankr. P. 8018(a). The Court therefore decides the matter on the two briefs before it.

Shapiro filed for Chapter 13 bankruptcy twice in 2018 and 2019. Her first case was dismissed in December 2018 for "failure to appear at [a section] 341(a) meeting and to make required payments." Shapiro Appendix at 179 [Doc. # 22]. She filed her second bankruptcy petition, which gave rise to the instant case, in March 2019. Blechman Appendix, Ex A [Doc. # 31]. Blechman moved pursuant to 11 U.S.C. section 1307(c) to dismiss or convert the case from a Chapter 13 bankruptcy to a Chapter 7 bankruptcy after, according to Blechman, Shapiro made several bad faith misrepresentations during bankruptcy proceedings that called into question the legitimacy of her petition. *Id.* at 9; Blechman Brief at 14. Shapiro filed no opposition to Blechman's motion before the Bankruptcy Court. *See* Blechman Appendix, Ex A.

At the hearing on the section 1307(c) motion, the Bankruptcy Court announced its tentative ruling and heard argument before granting the motion and converting the case from Chapter 13 to Chapter 7. Blechman Appendix, Ex. C at 23-27. This appeal arises from that decision.[1]

---

[1] Shapiro's Notice of Appeal identifies two orders as the subject of this appeal: the Bankruptcy Court's order granting Blechman's section 1307(c) motion and the Bankruptcy Court's order on the Chapter 13 Trustee's

UNITED STATES DISTRICT COURT     JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-7633-DMG | Date | July 22, 2020 |
| Title | *In re Mindy Chapman Shapiro* | Page | 2 of 4 |

## II.
## LEGAL STANDARD

Appellate courts review a Bankruptcy Court's decision to convert a case from Chapter 13 to Chapter 7 under an abuse of discretion standard. *In re Rosson*, 545 F.3d 764, 770 (9th Cir. 2008). Bankruptcy Courts abuse their discretion if they "appl[y] the wrong legal standard" or make "illogical, implausible or" unsupported findings. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011). Appeals courts may affirm a Bankruptcy Court's decision on any basis supported by the record. *ASARCO, LLC v. Union Pac. R.R.Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

## III.
## DISCUSSION

Shapiro argues that the Court should overturn the Bankruptcy Court's decision to convert the case to Chapter 7 under section 1307(c), and instead require that the Bankruptcy Court dismiss the case, because a debtor has an "absolute right to dismiss" her case under 11 U.S.C. section 1307(b). Shapiro Brief at 5. Section 1307(c) states that:

> [O]n request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate . . . .

11 U.S.C. § 1307(c). Section 1307(b), on the other hand, states that:

> On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

11 U.S.C. § 1307(b).

---

objection to the Debtor's claim of exemption. [Doc. # 1.] But Shapiro makes no mention of the latter order in her opening brief. *See* Shapiro Brief. The Court therefore considers Shapiro to have abandoned that aspect of her appeal. *See Christian Legal Soc'y v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010) (courts "won't consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief").

UNITED STATES DISTRICT COURT     JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-7633-DMG** | Date | July 22, 2020 |
| Title | *In re Mindy Chapman Shapiro* | Page | 3 of 4 |

While the Ninth Circuit has recognized that the two provisions "can conflict where . . . a debtor requests voluntary dismissal" and another party requests a conversion, *Rosson*, 545 F.3d at 771, the provisions do not conflict in this case because Shaprio never made such a request before the Bankruptcy Court. The absence of such a request means two things: (1) the Court need not resolve whether the two provisions indeed conflict in this case; and (2) the Court cannot consider Shapiro's section 1307(b) argument on appeal.

It is well established that courts reviewing appeals from bankruptcy decisions will not consider arguments made for the first time on appeal "absent exceptional circumstances." *In re Jan Weilert RV, Inc*., 315 F.3d 1192, 1199 (9th Cir. 2003); *In re Ahn*, 804 F. App'x 541, 543 (9th Cir. 2020). And it is undisputed that Shapiro never made an affirmative motion for section 1307(b) voluntary dismissal before the Bankruptcy Court. *See* Blechman Appendix, Ex. A. Shapiro argues only that her counsel "requested dismissal" at the hearing on Blechman's section 1307(c) motion, but that argument fails as a matter of substance and procedure.

First, the record does not support Shapiro's view that her counsel made a separate section 1307(b) request at the hearing on the section 1307(c) motion. At the hearing, the Bankruptcy Court plainly stated that it was considering a request under section 1307(c) and announced its tentative ruling that, after considering the interests of creditors and the estate, the "best" outcome would be "to have the case converted rather than dismissed." Blechman Appendix, Ex. C at 23-25. After the Bankruptcy Court invited argument, Shapiro's counsel "ask[ed] for the case to be dismissed rather than converted." *Id.* at 25. Given that Bankruptcy Courts have two options under section 1307(c)—dismiss the case or convert the case—the most faithful reading of the transcript is that Shapiro's counsel requested that the Bankruptcy Court dismiss the case *under section 1307(c)*, the section at issue at the hearing. There is no indication in the record that Shapiro's counsel suddenly switched gears and began arguing for relief under a different statutory provision.

Second, even assuming that Shapiro's counsel had *intended* to request a section 1307(b) dismissal in response to the Bankruptcy Court's tentative ruling on a section 1307(c) motion, that request would have been improperly made. The Federal Rules of Bankruptcy Procedure state that "[c]onversion or dismissal under [sections] 706(a), 1112(a), 1208(b), or 1307(b) shall be on motion filed and served as required by Rule 9013." Fed. R. Bankr. P. 1017. Rule 9013, in turn, states that "[a] request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing. The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Although Rule 9013 permits motions "made during a hearing," Shapiro's counsel's request "for dismissal" fell far short of stating "with particularity" the grounds supporting the request. Indeed, her counsel made no

UNITED STATES DISTRICT COURT     JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. **CV 19-7633-DMG** | Date July 22, 2020 |
| Title *In re Mindy Chapman Shapiro* | Page 4 of 4 |

mention at all of section 1307(b) or her purported absolute right to dismiss her case rather than have it converted to a Chapter 7 bankruptcy.  *See* Blechman Appendix, Ex. C.  Moreover, the Central District's Local Bankruptcy Rules require that "[i]f the case has not been converted from another chapter, a debtor may seek dismissal of the case by *filing with the clerk* of the bankruptcy court a request for voluntary dismissal pursuant to 11 U.S.C. § 1307(b)."  C.D. Cal. Bk. L.R. 3015-1(q)(1) (emphasis added).  Shapiro filed no such request.

Because Shapiro did not argue before the Bankruptcy Court that she wished to dismiss her case pursuant to section 1307(b), the Court will not consider that argument on appeal absent exceptional circumstances.  The record before the Court does not indicate that exceptional circumstances exist.  Nor does Shapiro argue that this case is exceptional in any way.

## IV.
## CONCLUSION

Because the Court may not consider the one argument that forms the basis of Shapiro's appeal, there are no grounds for the Court to conclude that the Bankruptcy Court committed an abuse of discretion in converting her bankruptcy from a Chapter 13 case to a Chapter 7 case. The Bankruptcy Court's August 28, 2019 Order is therefore **AFFIRMED**.

**IT IS SO ORDERED.**


cc: Bankruptcy Court